IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim Stroman, | ) | C/A No. 3:16-2643-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dwight Hanna, Beth Dill, Tammy O'Berry, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Kim Stroman, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., alleging discrimination based on her race, sex, and age. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## I.      Factual and Procedural Background

Stroman indicates she is a fifty-two year old African-American woman and is currently employed as a human resources coordinator with the Richland County Human Resource Department ("the Department"). (ECF No. 4-5.) She states she has been employed at the Department for more than eleven years. (Id. at 5.) Stroman alleges the defendants, other employees of the Richland County Human Resource Department, hired a white male and a white female to the same position as Stroman, and the new hires earned greater compensation than she.[1] (ECF No. 1 at 5.) She seeks

_____

[1] She also claims she recently started in a new position at the Department. (Id. at 6.)

Page 1 of 5



$300,000 in damages, back pay for the difference between her salary and the white employees' salaries, and equal pay.  (Id. at 6.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),



or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.      Analysis**

Stroman's claims against the named defendants should be summarily dismissed because individuals may not held liable under Title VII and the ADEA.  The ADEA only applies to an "employer," defined under Section 630(b) of the statute as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."  29 U.S.C. § 630(b).  The United States Court of Appeals for the Fourth Circuit has found that by using the term "employer," Congress did not intend to expose individuals who supervise employees to civil liability under the ADEA.  <u>See</u> <u>Birkbeck v. Marvel Lighting Corp.</u>, 30 F.3d 507, 510-11 (4th Cir. 1994) ("Such personal liability would place a heavy burden on those who routinely make personnel decisions for enterprises employing twenty or more persons, and we do not read the statute as imposing it.  Instead, we read § 630(b) as an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer.") (citing <u>Miller v. Maxwell's Int'l, Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993)).  Moreover, the Fourth Circuit applied its reasoning in <u>Birkbeck</u> to find Title VII does not countenance individual liability.  <u>See</u> <u>Lissau v. S. Food Serv.</u>, 159 F.3d 177, 180 (4th Cir. 1998) ("The Title VII definition of employer must be read in the same fashion as the ADEA definition of employer. . . . We already have observed that Title VII is the ADEA's 'closest statutory kin.'  Thus, reading Title VII to foreclose individual liability represents the only logical extension of <u>Birkbeck</u>.") (citations omitted).  Because all of the defendants named in Stroman's Complaint are individuals, the court finds they should be summarily

PJG

dismissed for failure to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

However, because Stroman has presented potentially cognizable claims of race, sex, and age discrimination in her Complaint, and in light of her *pro se* status, the court will allow her fourteen (14) days from the date of this order to file an amended complaint that names a proper defendant.

## III.     Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process, unless Stroman files an amended complaint within fourteen days of the date of this order.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).