IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kim Stroman,<br><br>        Plaintiff,<br><br>vs.<br><br>Dwight Hanna, Beth Dill, and Tammy O'Berry,<br><br>        Defendants. | C/A No. 3:16-02643-JFA<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Kim Stroman ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, alleging discrimination based on her race, sex, and age.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2016, Plaintiff filed a complaint against Dwight Hanna, Beth Dill, and Tammy O'Berry. ECF No. 1. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 3, which was granted on August 31, 2016, by Magistrate Judge Paige J. Gossett, ECF No. 10.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court summarily dismiss this action without prejudice and without issuance and service of process, unless Plaintiff filed an amended

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

complaint within fourteen days of the order. ECF No. 11. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.[2] Plaintiff was advised of her right to object to the Report, which was entered on the docket on August 31, 2016. *Id.* The Magistrate Judge gave Plaintiff until September 19, 2016, to file objections. *Id.* Plaintiff did not file objections to the Report; however, on September 14, 2016, Plaintiff did file an amended complaint appearing to rectify the issue existing in her original complaint. ECF No. 14. Thus, this matter is ripe for the Court's review.

### III.     DISCUSSION

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).  In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Although Plaintiff did not file objections to the Report, she did file an amended complaint to correct her failure to state a claim upon which relief could be granted within the fourteen days allotted by the Magistrate Judge in her Report. ECF Nos. 11, 14. The Report stated that individuals could not be held liable under Title VII and the ADEA. ECF No. 11, p. 3. Plaintiff's amended complaint removes the individuals previously listed as defendants and replaces them with the Richland County Government—her employer. ECF No. 14. Therefore,

---

[2] The Court makes a small change to account for a possible scrivener's error on page 1 of the Report wherein the assigned electronic court filing (ECF) docket entry number for the complaint should be ECF 1 or 1-1, instead of 4-5.

Plaintiff has fulfilled the alternative provided for in the Report and her case should not be summarily dismissed.

### IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation, ECF No. 11, allowing for the complaint to be amended.

Because Plaintiff has filed an amended complaint in compliance with the Report, the Clerk is directed to return this action back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

October 14, 2016                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge